*502
 
 Desmond, J.
 

 The blood test was a “ medical act ” in the sense that it was preparatory to a transfusion. However, the test was performed not by a physician or nurse but by a technician who was employed and paid by the hospital and who was so far short of ‘1 professional ’ ’ status or attainments that only four to six weeks’ training was necessary for her job. She was no independent practitioner of a learned profession, working in but not for the hospital. She was a salaried employee doing routine work which required a minimum of skill and training. Therefore, without reviewing or revising the whole
 
 Schloendorff
 
 v.
 
 Society of New York Hosp.
 
 rule (211 N. Y. 125 [1914]) and without determining whether the rule itself has outlived its usefulness, we hold that this particular hospital as the employer of this particular young woman is liable for her negligence.
 

 The true holding of
 
 Schloendorff
 
 was that nonproprietary hospitals were exempt from liability for negligent acts or omissions of physicians and nurses in their professional medical capacities. The bases for
 
 Schloendorff
 
 were two: first, that such hospitals were
 
 “
 
 charities ” and, second, that there was no ‘ ‘
 
 respondeat superior
 
 ’ ’ situation since the hospitals were in no real sense the “ employers ” of the physicians and nurses who did the work of healing in the hospitals. The first of those
 
 Schloendorff
 
 bases was later abandoned because it was unrealistic at least as to paying patients. The second basis, whether or not it may fairly be applied in the case of physicians and nurses who are salaried members of the hospital’s personnel rather than outside professionals called in to minister to patients, is without relevance to cases like this one where the negligent person was a nonprofessional employee of the hospital.
 

 Modern hospitals hire on salary not only clerical, administrative and housekeeping employees but also physicians, nurses and laboratory technicians of many kinds. Not only do they furnish room and board to patients but they sell them services which are “ medical ” in nature and, though furnished on physicians’ orders, are performed wholly by and under the control of the hospitals’ salaried staffs. "What reason compels us to say that of all employees working in their employers’ businesses (including charitable, educational, religious and governmental enterprises) the only ones for whom the employers can escape liability are the employees of hospitals ?
 

 
 *503
 
 Whatever be the ultimate fate of the
 
 Schloendorff
 
 rule, this case need not be pushed into the
 
 Schloendorff
 
 mold.
 

 The judgment appealed from should be reversed and the judgment of Trial Term reinstated, with costs in this court and in the Appellate Division.
 

 Conway, Ch. J., Dye, Fuld, Froessel, Van Voorhis and Bürke, JJ., concur.
 

 judgment reversed, etc.