■ MARY SCHROETER et al., Respondents, v WINSTON PALEY et al., Appellants. [611 NYS2d 204] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Goldstein, J.), dated April 15, 1992, which (1) denied their motion to dismiss the complaint as time-barred, and (2) granted the plaintiffs' cross motion to strike the affirmative defense asserted by the defendants based on the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the action is dismissed.

The complaint is based on allegations that the defendant physician failed to administer Rhogam to the plaintiff Mary Schroeter at or around the time of her first pregnancy in 1985. This failure has allegedly caused her to develop certain Rh antibodies which, she claims, could endanger future, as yet unconceived fetuses *(cf., Albala v City of New York,* 54 NY2d 269). The defendants met their burden of showing that the plaintiffs' cause of action accrued more than 2½ years before the interposition of the cause of action *(see,* CPLR 214-a; *Delaney v Muscillo,* 138 AD2d 258), so that the burden fell to the plaintiffs to demonstrate the applicability of the toll associated with the "continuous treatment doctrine" *(see, Massie v Crawford,* 78 NY2d 516; *Rizk v Cohen,* 73 NY2d 98). The plaintiffs have not met this burden.

The plaintiffs argue that the relevant medical records show that the defendant physician continued to monitor the plaintiff Mary Schroeter for the presence of the Rh antibodies referred to above. However, there is no proof that the defendant physician was actively seeking to eliminate these Rh antibodies or that the presence of these antibodies was harmful to Mrs. Schroeter herself so as to necessitate their elimination. In fact, it appears that "no medical treatment is known which can reverse or destroy [these] antibodies" *(Walker v Rinck,* 604 NE2d 591, 592, n 1 [Ind], citing 3 Attorney's Dictionary of Medicine, at R-84; *see also, Delaney v Muscillo, supra; Lough v Rolla Women's Clinic,* 866 SW2d 851 [Mo]).

Because there was no proof of a continuing effort to cure or ameliorate the "condition" which affects Mrs. Schroeter, the continuous treatment doctrine does not serve to toll the Statute of Limitations *(see generally, Cooper v Kaplan,* 78 NY2d 1103; *Epstein v Srinivasan,* 190 AD2d 547). For this reason, the order appealed from is reversed and the complaint is dismissed. Bracken, J. P., Sullivan, Miller and Pizzuto, JJ., concur.