■ LAURA A. WERNER, Respondent, v JAMES P. G. KWEE et al., Defendants, and ARTHUR J. ROSENMAN, Appellant.—In an action to recover damages for medical malpractice, the defendant Arthur J. Rosenman appeals (1) from an order of the Supreme Court, Nassau County (Burke, J.), dated September 4, 1987, which denied his motion to dismiss the complaint

pursuant to CPLR 3211 (a) (5), and (2) from so much of an order of the same court dated January 13, 1988 as denied that branch of his motion which was for leave to renew the prior motion.

Ordered that the order dated September 4, 1987 is reversed, on the law, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated January 13, 1988 is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant moved to dismiss this medical malpractice action as against him on the ground that its commencement on January 12, 1987 was more than two years and six months after the plaintiff's last visit to the appellant's office on February 14, 1984 (see, CPLR 214-a, 3211 [a] [5]). The plaintiff opposed the motion, asserting the doctrine of continuous treatment. According to the plaintiff, between 1982 and 1985 the appellant provided a continuing course of treatment, i.e., semiannual examinations to detect any recurrence of a cancerous condition which had previously necessitated surgery. The plaintiff's affidavit further alleged that although she did not have a definite appointment to return after the February 14, 1984 visit, the appellant had instructed her to return in one year, and that she intended to do so until another doctor discovered new tumors in January 1985. The plaintiff also submitted a copy of a letter from the appellant, dated February 15, 1984, to another physician who was also treating the plaintiff, offering the opinion that the plaintiff should be considered cured of her cancer.

The motion to dismiss should have been granted. The plaintiff's affidavit was insufficient to satisfy her burden of proving prima facie that the continuous treatment doctrine was applicable (see, Grellet v City of New York, 118 AD2d 141, 145; Barella v Richmond Mem. Hosp., 88 AD2d 379, 380). Although the plaintiff established an ongoing physician-patient relationship, she failed to show that the appellant was providing continuous treatment "for the same illness, injury or condition which gave rise to the * * * act, omission or failure" underlying the claim of medical malpractice (CPLR 214-a). Indeed, while the plaintiff alleged that the appellant was "treating and guarding against a recurrence of my cancer", she alleged no specific treatment. It is clear from the record that each visit to the appellant's office was discrete, complete

and "for the sole purpose of ascertaining the state of [her] condition" (CPLR 214-a). Under these circumstances, the doctrine of continuous treatment is inapplicable *(see, Davis v City of New York,* 38 NY2d 257; *Bobrow v DePalo,* 655 F Supp 685, 688 [ED NY]).

Furthermore, application of the doctrine to the facts of this case would not further the underlying policy of "maintain[ing] the physician-patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on [the] case from onset to cure" *(McDermott v Torre,* 56 NY2d 399, 408). In this case, there was no treatment which would have been interrupted by the commencement of a lawsuit. We further note that the plaintiff discovered the alleged medical malpractice long before the expiration of the Statute of Limitations. Thus, as a matter of law, the Statute of Limitations was not tolled by the continuous treatment doctrine. Accordingly, the action is time barred as to the defendant Rosenman, and the motion to dismiss the complaint as against him should have been granted. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.