Diane Nykorchuck et al., Respondents, v Edgar Henriques et al., Appellants.

Third Department, January 25, 1990

APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Christine Kirwin Krackeler* of counsel), for appellants.

*E. Stewart Jones (W. Farley Jones* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

This medical malpractice action arises out of the treatment of plaintiff Diane Nykorchuck (hereinafter plaintiff) by defendant Edgar Henriques, an obstetrician/gynecologist. Plaintiff first began seeing Henriques in September 1974, initially for infertility problems, which were deemed to be secondary to endometriosis. Henriques treated plaintiff periodically for that condition over the next several years. In July 1979, during a regularly scheduled visit, Henriques discovered a lump in plaintiff's right breast, which he allegedly told her was caused by noncancerous fibrocystic disease and he would have "to keep an eye on it". Apparently no tests were performed relating to the lump and no outside consultation was recommended. Plaintiff remained under Henriques' care for the endometriosis and, in April 1982, Henriques performed an abdominal hysterectomy and bilateral salpingo-oophorectomy on plaintiff.

Allegedly, the physical examination of plaintiff on her admission to the hospital for surgery again resulted in a notation of mobile masses in the upper outer quadrant of each of plaintiff's breasts. No further evaluation of such masses was performed. Following the surgery, plaintiff began estrogen replacement therapy prescribed by Henriques and was seen by him several times in May 1982, January 1983 and finally September 1983 for medication adjustments. Plaintiff's prescriptions were thereafter renewed by telephone until December 1985, when plaintiff called to schedule an appointment with Henriques because of further enlargement of the mass in her right breast. Henriques examined plaintiff in January 1986 and immediately referred her to an oncologist. Plaintiff was ultimately diagnosed as having cancer in that breast and underwent a right modified radical mastectomy with axillary dissection followed by chemotherapy treatment.

The present action by plaintiff and her husband was commenced in December 1987. Plaintiffs basically alleged in their suit that Henriques negligently failed to diagnose and monitor plaintiff's breast cancer. Following joinder of issue, all defendants moved to dismiss the complaint with Henriques and defendant Albany Medical College (hereinafter collectively referred to as defendants) asserting that the alleged causes of action were barred by the Statute of Limitations (see, CPLR

214-a). Supreme Court refused to dismiss the complaint and this appeal by defendants followed.*

Supreme Court declined to dismiss the complaint on Statute of Limitations grounds because it found that questions of fact existed as to whether the continuous treatment doctrine applied to plaintiffs' action so that it would be deemed timely within the 2½-year limitation of CPLR 214-a. Pursuant to this doctrine, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously *and is related to the same original condition or complaint* ' " (*McDermott v Torre,* 56 NY2d 399, 405 [emphasis supplied], quoting *Borgia v City of New York,* 12 NY2d 151, 155).

Separate instances of medical treatment, such as routine physicals or intermittent diagnostic examinations, do not constitute continuous treatment if each instance of treatment is discrete and complete *(see, Charalambakis v City of New York,* 46 NY2d 785, 787; *see also, Bobrow v De Palo,* 655 F Supp 685, 687). Clearly, "neither the 'continuing nature of a diagnosis' * * * nor the 'mere continuity of a general physician-patient relationship' * * * is sufficient to establish continuous treatment" *(Rizk v Cohen,* 73 NY2d 98, 103).

Here, although defendants apparently contend that the treatment of plaintiff for the purposes of this action ended in July 1979 with Henriques' diagnosis of fibrocystic disease, plaintiffs contend that the treatment ended in January 1986 with the diagnosis of plaintiff's breast cancer. It is our view that the undisputed facts of this case entitle defendants to summary judgment. Although it is true, as pointed out by plaintiffs, that an extensive physician-patient relationship existed between the parties throughout the applicable period, regretfully plaintiff has not shown that Henriques was providing continuous treatment for the breast condition which is the basis for her malpractice action *(see, Werner v Kwee,* 148 AD2d 701, 702).

While plaintiffs allege that Henriques undertook to monitor and oversee plaintiff's condition when he said he would "keep an eye on it", the fact remains that he undertook no specific treatment for that condition *(see, supra,* 148 AD2d, at 702;

---

* Supreme Court also denied defendant Albany Medical Center Hospital's motion to dismiss for failure to state a cause of action. This party joined in the notice of appeal but makes no argument as to this issue on this appeal. Accordingly, this issue will not be addressed.

*Bobrow v De Palo, supra,* at 688). The examinations of plaintiff's breasts in July 1979 and April 1982, which apparently resulted in findings of nonthreatening fibrocystic disease, were clearly independent and discrete *(see, supra).* Plaintiff's other visits and treatment by Henriques concerned conditions unrelated to her breast condition, despite plaintiffs' attempt to group all gynecological disorders together as "related" for purposes of the Statute of Limitations. This argument cannot stand *(see, e.g., Delaney v Muscillo,* 138 AD2d 258, *appeal dismissed* 73 NY2d 852). Henriques' apparent continuing diagnosis of benign fibrocystic disease does not amount to continuous treatment as defined by case law *(see, supra,* at 260).

Plaintiffs contend that the situation in this case is distinguishable from past cases because the intense long-standing physician-patient relationship here, even if not technically confined to treatment for a breast condition, made it impractical for plaintiff to interrupt her other treatments by Henriques so as to commence suit against him with respect to the malpractice alleged here. While plaintiffs' arguments are compelling, we must abide by the law as it now stands.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much as denied the motion of defendants Edgar Henriques and Albany Medical College to dismiss the complaint; motion granted and complaint dismissed against said defendants; and, as so modified, affirmed.