■ OLIVE G. WINANT, Respondent, v MYRON E. FREUND, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated July 11, 1988, which granted the plaintiff's motion to dismiss the first

and second affirmative defenses of the defendant's verified answer asserting the defense of the Statute of Limitations.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly dismissed the Statute of Limitations defenses set forth in his verified answer on the ground that this action was timely commenced under the doctrine of continuous treatment. The evidence in the record, including the defendant urologist's own deposition testimony, demonstrates that the plaintiff engaged in a lengthy and continuing program of postsurgical treatment and kidney stone prevention therapy prescribed and administered by the defendant from the date of the alleged surgical malpractice in 1982 through December 3, 1986, when the defendant discharged her from his care. The plaintiff's continued visits to the defendant were indisputably related to the renal problems for which the defendant had been treating her since 1980, and, as conceded by the defendant, were rendered more necessary by the defendant's alleged negligent removal of one of her kidneys in 1982. Hence, it is clear that the plaintiff's visits constituted "continuous treatment for the same illness, injury or condition which gave rise to the said act [of alleged malpractice]" and were not "examinations undertaken at the request of the patient for the sole purpose of ascertaining the state of the patient's condition" (CPLR 214-a). Moreover, the evidence establishes that each of the plaintiff's visits was made pursuant to the directions of the defendant or his office, and it is clear that both parties contemplated the plaintiff's continued visits and treatment and shared a relationship of trust and confidence until the date of the plaintiff's discharge (see, Richardson v Orentreich, 64 NY2d 896; McDermott v Torre, 56 NY2d 399; Barrella v Richmond Mem. Hosp., 88 AD2d 379).

The defendant's reliance upon the decision in Werner v Kwee (148 AD2d 701) to support his claim that the continuous treatment doctrine should not be applied in this case is misplaced. In Werner v Kwee (supra), the record demonstrated that the patient regularly saw a physician for routine gynecological examinations unrelated to cancer surgery she had undergone some three years earlier at the hands of another physician. No specific treatment was rendered to the patient in that case; rather, each visit constituted a discrete, complete and routine physical examination. Moreover, the patient in Werner v Kwee (supra) did not commence her action against the gynecologist until more than 2 years and 6 months after her last visit to his office, even though she was aware of his

alleged malpractice long before the limitations period expired. Finally, inasmuch as the gynecologist in that case was not rendering any treatment, the policy rationale underlying the continuous treatment doctrine (i.e., the maintenance of the physician-patient relationship to provide the most efficacious medical care) would not have been served by the application of the doctrine in that case. Conversely, in the present case, the defendant prescribed and administered ongoing, specific treatment and therapy to the plaintiff for an extended period of time, and the plaintiff promptly commenced this action shortly after her discharge from his care. Moreover, the policy of maintaining the physician-patient relationship for the benefit of both parties is fulfilled by the application of the continuous treatment doctrine to this case. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.