■ JAMES RUANE, Appellant, v WILLIAM T. STILLWELL, Respondent. [600 NYS2d 803] —Mercure, J. Appeal from a judgment of the Supreme Court (Mugglin, J.) in favor of defendant, entered April 8, 1992 in Delaware County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff fractured both of his heels in a fall that he sustained on November 27, 1982 while a patient at St. John's Episcopal Hospital in the Town of Smithtown, Suffolk County. Plaintiff's treating physicians sought a consultation with Dr. Mango of Long Island Orthopedic Specialists, a group of physicians consisting of Mango, defendant and Steven Satlow. Apparently because defendant was the group physician responsible for coverage on that particular weekend, he responded to the request. Defendant then turned the case over to Satlow on November 30, 1982. On December 9, 1982, Satlow applied plaster casts to both of plaintiff's feet. At issue on the trial of this medical malpractice action is defendant's liability for injuries sustained as the result of the allegedly improper casting of plaintiff's feet. Concluding that defendant took no part in the casting of plaintiff's feet and there was no basis for the imposition of vicarious liability, Supreme Court dismissed the action at the conclusion of plaintiff's case. Plaintiff appeals.

We affirm. The uncontroverted evidence adduced at trial established the absence of legal or actual authority or control of Satlow by defendant (see, Kavanaugh v Nussbaum, 71 NY2d 535, 548; Graddy v New York Med. Coll., 19 AD2d 426, 429). Specifically, the proof showed that Long Island Orthopedic Specialists was neither a partnership nor a professional corporation and that the physicians in the group merely shared office space and related expenses and arranged a schedule of continuous coverage. There was no splitting of fees or sharing of profits and each physician maintained his own records and accounts and had his own letterhead. We are unimpressed with plaintiff's argument that Satlow's slip of the tongue in referring to his "partners", which he immediately corrected as "a mistake in nomenclature", created a factual issue concerning the physicians' relationship. Similarly, Satlow's testimony that he "had decided in conjunction with [defendant] that it would be best to not cast [plaintiff] for a certain period of time until the swelling around the heel bones went down [and] [t]herefore we casted him at a later date" (emphasis supplied), did not create a factual issue as to whether the physicians were acting in concert in treating plaintiff after November 30, 1982. In view of Satlow's unequivocal testimony that it was he

who casted plaintiff and that defendant was not involved in plaintiff's treatment after November 30, 1982, we agree with Supreme Court's conclusion that the phrase "we casted him" was a mere figure of speech. In our view, there was no competent evidence of "concerted treatment, where the original physician participated in or exercised some degree of control over the acts of the treating physician" *(Kavanaugh v Nussbaum, supra,* at 548).

In the absence of a legitimate factual issue as to defendant's liability for plaintiff's injuries, Supreme Court properly dismissed the complaint.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.