■ STAVROULA KONSTANTIKIS et al., Appellants, v ANTHONAS-IOS KASSAPIDIS, Respondent. [602 NYS2d 67] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Scholnick, J.), dated May 22, 1991, which, *inter alia,* granted the defendant's cross motion to dismiss the plaintiffs' first, second, and third causes of action as time-barred, and for summary judgment dismissing the plaintiffs' fourth cause of action sounding in fraudulent concealment.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for medical malpractice and fraudulent concealment allegedly committed by the defendant doctor in connection with ovarian cyst surgery he performed on the plaintiff wife in December 1984. The medical malpractice causes of action allege, among other things, that during the surgery to remove the cysts, the doctor negligently removed the plaintiff wife's left fallopian tube (her right tube had been removed during childhood surgery), thus rendering her unable to conceive children. Because this action was commenced in December 1988, four years after the surgery, the medical malpractice causes of action are time-barred unless the Statute of Limitations was tolled *(see,* CPLR 214-a). The plaintiffs assert that the Statute of Limitations was tolled pursuant to the continuous treatment doctrine.

The doctor-patient relationship began when the doctor treated the plaintiff wife for ovarian cysts, discovered after she consulted him about pains in her side. After the doctor removed the cysts, the plaintiff wife returned to him periodically, complaining about her inability to become pregnant. Because the plaintiff wife's post-surgery visits to the doctor did not relate to the same medical condition for which she originally sought treatment, the continuous treatment doctrine does not apply *(see, Massie v Crawford,* 78 NY2d 516; *Nykorchuck v Henriques,* 78 NY2d 255; *McDermott v Torre,* 56 NY2d 399), and, accordingly, the medical malpractice causes of action were properly dismissed as untimely.

We further find that the plaintiffs' cause of action to recover damages for fraudulent concealment was not timely inter-

posed within a reasonable time after the plaintiffs ceased to rely on the doctor's alleged misrepresentation *(see, Simcuski v Saeli,* 44 NY2d 442; *Harkin v Culleton,* 156 AD2d 19, 23).

In light of our determination, the plaintiffs' remaining contention regarding an outstanding discovery request is academic. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.