■ FRANK DiFILIPPI et al., Respondents, v HUNTINGTON HOSPITAL et al., Appellants. [610 NYS2d 552] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 1, 1992, which denied their respective motions to dismiss the complaint as time-barred.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the defendant Huntington Hospital's motion to dismiss the complaint insofar as asserted against it and substituting therefor provisions granting that motion and dismissing the complaint insofar as asserted against the defendant Huntington Hospital; as so modified, the order is affirmed, with costs to the defendant Huntington Hospital payable by the plaintiffs.

We are in agreement with the trial court that for purposes of the continuous treatment doctrine *(see,* CPLR 214-a), the post-amputation care provided by Dr. Peter Warwick Green was a continuation of the course of treatment for the same condition which originally gave rise to Dr. Green's alleged malpractice which resulted in the need to amputate the leg of the plaintiff Frank DiFilippi. This post-amputation follow-up treatment was clearly contemplated by Dr. Green as a necessary part of his oversight of the patient's progress *(see, Richardson v Orentreich,* 64 NY2d 896, 899; *Winant v Freund,* 162 AD2d 681). However, inasmuch as the plaintiffs' claims against Huntington Hospital are based upon its vicarious liability for Dr. Green's treatment during the December 1986 through February 1987 admission, those claims accrued, at the latest, upon the patient's discharge on February 20, 1987, thus rendering commencement of this action in December 1989 untimely as to the Hospital *(see, Walsh v Faxton-Child-*

*ren's Hosp.,* 192 AD2d 1106). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.