■ HAROLD A. GRASSMAN et al., Respondents, v MARK SLO-VIN, Appellant, et al., Defendant. [614 NYS2d 764] —In an action to recover damages for dental malpractice, the defendant Mark Slovin appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated July 8, 1992, as, upon reargument, denied that branch of his motion which was to reinstate the affirmative defense of the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, and the affirmative defense of the Statute of Limitations is reinstated as to the appellant.

In his original bill of particulars, the plaintiff alleged that the appellant's acts of negligence "took place from on or about April 24, 1985, up to and including approximately April 1986". Thereafter, the plaintiff moved for and was granted an order striking the appellant's Statute of Limitations defense. The plaintiff subsequently served on the appellant an amended bill of particulars alleging various acts of negligence not included in the original bill of particulars and alleging that the acts of negligence took place "from on or about April 15, 1975 on a continuous basis up to and including approximately April, 1987". In opposition to the defendant's subsequent motion to reinstate the Statute of Limitations defense, the plaintiff invoked the "continuous treatment doctrine".

We conclude that the Supreme Court erred in denying the appellant's motion to reinstate the Statute of Limitations defense. The plaintiff failed to satisfy his burden of proving prima facie that the continuous treatment doctrine was applicable (see, Werner v Kwee, 148 AD2d 701). Although the plaintiff established an ongoing dentist-patient relationship, he failed to show that the appellant was providing continuous treatment "for the same illness, injury or condition" underlying the claims of malpractice alleged in the amended bill of particulars (see, CPLR 214-a; Werner v Kwee, supra, at 701). Sullivan, J. P., Lawrence, Pizzuto and Joy, JJ., concur.