■ THOMAS REECK et al., Respondents, v HUNTINGTON HOSPITAL et al., Defendants, and WILLIAM I. CIARAVINO et al., Appellants. [626 NYS2d 516] —In an action to recover damages for personal injuries, etc., stemming from medical malpractice, the defendants William Ciaravino and John Brooks appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 14, 1993, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendants Ciaravino and Brooks, and the action against the remaining defendants is severed.

The plaintiffs, Thomas Reeck, an infant, and his mother, Judith Reeck, commenced this medical malpractice action alleging that the injuries sustained by Thomas during childbirth were caused by the negligence of the defendant Dr. Edward Weigers, who had delivered Thomas. The plaintiffs also alleged that at the time of the delivery, the defendant Weigers and his partner Dr. John Meagher were partners in fact or by estoppel with Drs. William Ciaravino and John Brooks, the doctors to whom Judith Reeck had gone with regard to her pregnancy with Thomas. The appellants Drs. Ciaravino and Brooks moved for summary judgment contending, *inter alia*, that their professional relationship with Drs. Weigers and Meagher was no more than a reciprocal coverage arrangement for the obstetrical patients of each separate partnership and that they, therefore, could not be held vicariously liable for any negligence on the part of Dr. Weigers.

It is well established that " '[i]n the absence of some recognized traditional legal relationship such as a partnership, master and servant, or agency, between physicians in the treatment of patients, the imposition of liability on one for the negligence of the other has been largely limited to situations of joint action in diagnosis or treatment or some control of the course of treatment of one by the other' " *(Kavanaugh v Nussbaum,* 71 NY2d 535, 547, quoting *Graddy v New York Med. Coll.,* 19 AD2d 426).

The evidence in the record shows that defendant Drs. Brooks and Ciaravino merely had an agreement with Drs. Weigers and Meagher to cover for each other at various times when one doctor or another might not be immediately available for his patient. By taking turns covering for each other, which was undoubtedly extremely beneficial to both themselves and to their patients, the doctors did not become partners or even joint venturers *(see, Kavanaugh v Nussbaum, supra,* at 548). Nor is this a case of concerted treatment where the original physician participated in or exercised some degree of control over the acts of the treating physician or, in this case, control over the conduct of the doctor who performed the actual delivery of the infant *(see, Graddy v New York Med. Coll., supra; Connell v Hayden,* 83 AD2d 30).

Accordingly, in the absence of any facts upon which the

defendants Drs. Brooks and Ciaravino may be held vicariously liable for the actions of the defendant Dr. Weigers, the Supreme Court erred in denying their motion for summary judgment *(see, Kavanaugh v Nussbaum, supra; Ruane v Stillwell,* 195 AD2d 836; *Sherman v Pollack,* 110 AD2d 833). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.