■ ERMINE CHAMPAGNIE, as Administratrix of the Estate of DOLNEY BASCOE, Deceased, et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 85160.) [638 NYS2d 174] —In a medical malpractice claim to recover damages for personal injuries, the defendant appeals from so much of an order of the Court of Claims (Blinder, J.), entered September 6, 1994, as granted the claimants' motion to dismiss its fourth affirmative defense, which alleged that the claimant's notice of claim was untimely.

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimants' decedent was treated for circulatory problems in her leg at the defendant's hospital. Following the amputation of her leg on February 5, 1991, she allegedly sustained burns to various parts of her body as a result of the negligence of hospital employees. These burns allegedly delayed both her discharge from the hospital until April 2, 1991, and her return to the hospital's prosthesis clinic. Following her discharge from the hospital, the claimants' decedent remained under the continuous treatment of Dr. Jonathan Gertler, a surgeon and professor at the State University of New York, Health Science Center at Brooklyn, at his office in the hospital. The claimants allege that Dr. Gertler monitored the condition of the claimants' decedent's burns and determined when she could be returned to the hospital to be fitted with a prosthesis. He provided treatment in this capacity until at least August 21, 1991, when he determined that the claimants' decedent's burns had sufficiently healed so as to permit her to be fitted with a prosthesis at the defendant's hospital's prosthesis clinic. The claimants retained counsel on October 8, 1991, and counsel served a "notice of intention to make claim" on or about

October 17, 1991. That date is within 90 days from the claimants' decedent's last relevant treatment by Dr. Gertler, but beyond 90 days after her discharge from the hospital *(see,* Court of Claims Act § 10 [3]).

Under the circumstances of this case, including Dr. Gertler's employment as a physician and a professor at a teaching hospital *(see, Frontier Ins. Co. v State of New York,* 146 Misc 2d 237, *affd* 172 AD2d 13, *affd on other grounds* 87 NY2d 864), we agree with the Court of Claims that the continuous treatment provided by Dr. Gertler was within the scope of his employment with the State. Dr. Gertler maintained a relevant relationship with the defendant which warrants the imputation to the hospital of his continuing treatment of the claimants' decedent so as to toll the 90-day period within which to file his notice of intention to make claim against the hospital *(see,* Court of Claims Act § 10 [3]; *cf., Meath v Mishrick,* 68 NY2d 992). Clearly Dr. Gertler is more than a mere attending physician with hospital privileges *(cf., DiFilippi v Huntington Hosp.,* 203 AD2d 321), as he actively participated in the care of the claimants' decedent until such time as she was ready to be returned to the hospital for the completion of her treatment, i.e., for the fitting of a prosthesis. Under all of these circumstances, the continuous treatment provided by Dr. Gertler was properly imputed to the defendant so as to warrant the striking of its fourth affirmative defense of untimeliness. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.