(February 10, 1997)

■ LOUIS ALMODOVAR, Appellant, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Respondent. [653 NYS2d 664] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated December 12, 1995, as granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 22, 1978, the plaintiff was born at the defendant St. Vincent's Hospital and Medical Center of New York (hereinafter St. Vincent's) with numerous health problems. To treat the plaintiff's hypertension and dehydration, his doctors, surgical residents at St. Vincent's, performed a "cut-down" on the plaintiff's left ankle, inserting an intravenous line to infuse liquids and medications. Thereafter, the plaintiff developed gangrene in his left leg which necessitated an amputation above the knee. Over the course of the next 16 years, the plaintiff returned to St. Vincent's for rehabilitation, physical and occupational therapy, and prosthetic refittings. The plaintiff commenced this action in January 1994, alleging that St. Vincent's was negligent in performing the "cut-down" procedure and in its failure to monitor his condition.

The Supreme Court properly dismissed the complaint as time-barred. The post-amputation care and therapy received by the plaintiff was not a continuation of the course of treat-

ment for the condition which originally gave rise to the alleged malpractice necessitating the amputation *(see,* CPLR 214-a; *Massie v Crawford,* 78 NY2d 516; *Konstantikis v Kassapidis,* 196 AD2d 858; *compare, DiFilippi v Huntington Hosp.,* 203 AD2d 321). Consequently, the continuous treatment doctrine does not apply to toll the Statute of Limitations. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.