■ JOANNE FAUCI et al., Respondents, v SIDNEY M. WOLAN, Appellant. [656 NYS2d 298] —In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated April 3, 1996, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Joanne Fauci was under the care of the defendant Sidney Wolan, her obstetrician/gynecologist, in May of 1986, when he performed a "MacDonald Cerclage" (hereinafter cerclage) procedure to assist her in her pregnancy. At the end of the following month, while in labor, Fauci was operated on to remove the cerclage sutures, despite which she required a cesarean section. In this action Fauci maintains that the defendant was negligent in his removal of the cerclage sutures, which impeded a natural delivery and required her to undergo the cesarean section. Fauci further contends that as a result of the cesarean section she experiences severe intermittent pain. The defendant moved for summary judgment dismissing the complaint, contending that the action was untimely as it had

been filed more than 2¹/₂ years after the cerclage. The defendant also asserted that the cause of Fauci's cesarean section was cervical scarring and was unrelated to the procedure to remove the sutures inserted during the cerclage. Fauci submitted an affirmation from her attorney maintaining that the application of the "continuous treatment" doctrine (*see*, CPLR 214-a) was appropriate and that the action was timely on this basis.

The application of CPLR 214-a is inappropriate under the circumstances presented here. The Court of Appeals has held that "essential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques,* 78 NY2d 255, 258-259). Neither the mere continuing relation between a physician and patient nor the continuing nature of a diagnosis is sufficient to satisfy the requirements of the doctrine (*Massie v Crawford,* 78 NY2d 516; *McDermott v Torre,* 56 NY2d 399, 405-406). Moreover, as stated by the Court of Appeals, "we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" for the purposes of this doctrine (*Nykorchuck v Henriques, supra,* at 259; *see also, Grippi v Jankunas,* 230 AD2d 826). Fauci has failed to establish that she was under treatment by the defendant for the conditions alleged in the complaint. At most the record establishes that Fauci returned to the defendant to have her condition checked and such circumstances do not constitute continuous treatment and do not fall within CPLR 214-a (*see, Massie v Crawford, supra,* at 519-520; *see also, Borgia v City of New York,* 12 NY2d 151, 155).

Even if the action were timely commenced, the motion to dismiss the complaint should have been granted as Fauci failed to rebut the contention in the defendant's affidavit that the removal of the suture from the cerclage was not the cause of Fauci's cesarean section (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Stephens v Westchester County Med. Ctr.,* 210 AD2d 216; *Simms v North Shore Univ. Hosp.,* 192 AD2d 700). Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.