■ RALPH YACHNIN et al., Appellants, v MILTON L. LEVINE et al., Respondents, et al., Defendant. [682 NYS2d 900] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DiBlasi, J.), dated December 1, 1997, which granted the motion by the defendants Milton L. Levine, Herbert Ausubel, and David Cohen for (1) summary judgment dismissing the complaint in its entirety insofar as asserted against David Cohen, and (2) partial summary judgment dismissing as time-barred those causes of action asserted against Milton L. Levine and Herbert Ausubel which were based on alleged acts of malpractice which occurred prior to October 10, 1992.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff Ralph Yachnin failed to demonstrate that he underwent a continuing course of treatment so as to toll the Statute of Limitations (*see,* CPLR 214-a; *Young v New York City Health & Hosps. Corp.,* 91 NY2d 291; *Nykorchuck v Henriques,* 78 NY2d 255; *Massie v Crawford,* 78 NY2d 516; *Fauci v Wolan,* 238 AD2d 305). Accordingly, the defendants Milton L. Levine and Herbert Ausubel were entitled to partial summary judgment.

The court was also correct in dismissing the entire complaint insofar as asserted against the defendant David Cohen since the unrefuted evidence established that he never treated the plaintiff Ralph Yachnin and was not a partner of the other respondents at the time of the alleged malpractice (*see, Reeck v Huntington Hosp.,* 215 AD2d 464). Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.