■ THOMAS HEANEY, Appellant, v ISMET HIZ, Respondent, et al., Defendant. [715 NYS2d 430] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 15, 1998, as granted the motion of the defendant Ismet Hiz to dismiss the complaint insofar as asserted against that defendant as time-barred, and denied that branch of his cross motion which was for leave to serve an amended bill of particulars on the defendant Ismet Hiz, and (2) a judgment of the same court, entered November 15, 1999, as, upon the order dated June 15, 1998, dismissed the complaint insofar as asserted against the defendant Ismet Hiz.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

There is no evidence that the plaintiff underwent a continuing course of treatment by the defendant Dr. Ismet Hiz so as to toll the Statute of Limitations (*see,* CPLR 214-a; *Yachnin v Levine,* 257 AD2d 571). Moreover, the plaintiff failed to establish

the existence of an agency relationship between Dr. Hiz and the defendant Dr. Christopher Beatty which would allow Dr. Beatty's continuous treatment of the plaintiff to be imputed to Dr. Hiz (*see, Mandel v Herrmann,* 271 AD2d 661; *Beck v Ausubel,* 266 AD2d 328). Accordingly, the Supreme Court properly determined that the Statute of Limitations had expired as to Hiz and the action against that defendant was properly dismissed.

The plaintiff's remaining contentions are without merit. Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.