■ Antonia B. Shiffman et al., Appellants, v Philip L. Harris, Respondent. [720 NYS2d 262] —Crew III, J. P. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered October 18, 1999 in Tompkins County, which, *inter alia*, granted defendant's motion for partial summary judgment.

In 1982, plaintiff Antonia B. Shiffman had prophylactic bilateral subcutaneous mastectomies, following which she had breast reconstruction that included the insertion of breast implants. In 1990, Shiffman's physician, James Allen, observed an abnormality on her left breast and referred her to defen-

---

2. The initial public offering never became effective, and defendant never merged with Proflight.

dant. Defendant saw Shiffman on June 28, 1990, examined her breasts, performed a mammogram and recommended a follow-up examination and an additional mammogram in four months. Shiffman was again examined by defendant in October 1990, at which time an additional mammogram was performed, and was seen thereafter in December 1991 and December 1993.

At the December 30, 1993 appointment, defendant discussed with Shiffman the possibility that her left implant may be leaking and recommended an MRI. The MRI was performed on January 10, 1994 and revealed that the left implant indeed had ruptured and was leaking. Consequently, defendant referred Shiffman to Yasmeen Moody for surgery.

Shiffman and her husband, derivatively, commenced this medical malpractice action in July 1996 alleging that defendant treated Shiffman from October 3, 1990 to January 18, 1994 and was negligent in failing to detect her ruptured breast implant. Defendant answered and asserted, as an affirmative defense, that plaintiffs' cause of action was time barred. In July 1999, defendant moved for partial summary judgment seeking dismissal of the action as it related to medical services rendered by defendant prior to December 30, 1993. Plaintiffs cross-moved seeking, *inter alia*, dismissal of defendant's affirmative defense. Supreme Court granted defendant's motion and denied plaintiffs' cross motion, prompting this appeal.

Plaintiffs contend that they are entitled to the benefit of the "continuous treatment doctrine," which tolls the running of the Statute of Limitations until the end of a course of treatment, which here is alleged to be January 18, 1994. We disagree. It is well established that "[a] patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of 'continuous treatment' of the condition upon which the allegations of medical malpractice are predicated" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296). The record here makes plain that Shiffman was examined by defendant for a nodule on her breast. No treatment was undertaken at that time or at any time thereafter. Rather, defendant recommended annual diagnostic examinations to determine whether any treatment would be required at some future time. Such diagnostic examinations do not constitute continuous treatment (*see, Nykorchuck v Henriques*, 78 NY2d 255, 259; *Davis v City of New York*, 38 NY2d 257, 259-260). Here, defendant never "treated" Shiffman for a leaking implant and there is no claim for medical malpractice in that regard. Rather, the claim is that defendant failed to diagnose such condition, which failure

necessarily occurred prior to December 30, 1993 and is therefore beyond the applicable Statute of Limitations. We have considered plaintiffs' remaining contention that defendant's motion was premature and find it equally without merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.