■ MARQUITA DANZY et al., Appellants, v COMMUNITY HEALTH PLAN et al., Respondents. [727 NYS2d 209] —Mercure, J. Appeal from an order of the Supreme Court (Kramer, J.), entered May 26, 2000 in Schenectady County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

Supreme Court did not err in its conclusion that this medical malpractice action, which arose out of an unsuccessful March 25, 1993 tubal ligation procedure performed on plaintiff Marquita Danzy (hereinafter plaintiff) and was commenced in January 1997, was barred by the two-year and six-month Statute of Limitations of CPLR 214-a. The record establishes that the last treatment rendered in connection with the tubal ligation was on April 13, 1993, when plaintiff had her incision checked and her stitches removed. The fact that plaintiff returned to defendant Community Health Plan (hereinafter CHP) for treatment of other medical conditions unrelated to her tubal ligation, including respiratory, urinary tract and vaginal infections, cramping and knee pain, did not serve to toll the Statute of Limitations under the "continuous treatment doctrine" (*see, Young v New York City Health & Hosps.*

*Corp.*, 91 NY2d 291, 296; *Shiffman v Harris*, 280 AD2d 752, 753).

Further, treatment that CHP rendered in connection with plaintiff's subsequent pregnancy, which was confirmed in October 1994, was by no means a part of the same continuous treatment.* Despite the obvious causal connection, it is our view that obstetrical care rendered for a pregnancy which an ineffective sterilization procedure fails to prevent is not to be considered part of the same course of treatment as the sterilization procedure itself (*see, Brush v Olivo*, 81 AD2d 852, 853-854; *see also, Konstantikis v Kassapidis*, 196 AD2d 858; *Miller v Rivard*, 180 AD2d 331, 338-339). Under the circumstances, we conclude that Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* The Statute of Limitations expired, at the latest, on October 13, 1995 (two years and six months from plaintiff's last postsurgical visit).