■ JOAN EVANS, Appellant, v JOEL GINSBERG, Respondent. [739 NYS2d 429] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 14, 2001, as, upon renewal, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A medical malpractice action must be commenced within two years and six months of the act, omission, or failure complained of, or the date of the last treatment where there is a continuous course of treatment for the same original condition or complaint (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 295). The defendant satisfied his burden as the proponent of the motion for summary judgment by demonstrating that this action was commenced more than 2½ years after the occurrence of the alleged malpractice upon which the plaintiff's complaint is based.

The burden then shifted to the plaintiff to demonstrate a triable issue of fact with respect to the toll of the statute of limitations based upon the continuous treatment doctrine (*see Cox v Kingsboro Med. Group,* 88 NY2d 904, 906; *Massie v Crawford,* 78 NY2d 516, 519). The Supreme Court correctly determined that the plaintiff failed to sustain her burden. The postoperative care and palliative treatment of the left eye received by the plaintiff for 13 years after the surgery was not a continuation of the course of treatment for the condition which originally gave rise to the alleged malpractice (*see* CPLR 214-a; *Almodovar v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 236 AD2d 435). Moreover, "the continuing nature of a diagnosis does not itself amount to continuous treatment" (*McDermott v Torre,* 56 NY2d 399, 406; *see Fauci v Wolan,* 238 AD2d 305, 306). Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.