KELLY CLAIR, Respondent, v ST. JAMES MERCY HOSPITAL, Appellant, et al., Defendant. [747 NYS2d 648] —Appeal from an order of Supreme Court, Steuben County (Bradstreet, J.), entered December 7, 2001, which denied the motion of defendant St. James Mercy Hospital seeking summary judgment dismissing the first amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendant St. James Mercy Hospital (Hospital) seeking summary judgment dismissing the first amended complaint against it as time-barred. Plaintiff commenced this medical malpractice action against an anesthesiologist and the Hospital to recover damages for a nerve injury allegedly sustained during surgery. The Hospital's alleged liability is vicarious only, pursuant to the theory of "ostensible agency" arising from the Hospital's assignment of the anesthesiologist to provide anesthesiologist services for the surgery (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 79; *see Agustin v Beth Israel Hosp.*, 185 AD2d 203, 205-206; *see generally Mduba v Benedictine Hosp.*, 52 AD2d 450, 453-454). The nerve injury was treated for several years after the surgery by plaintiff's primary care physician, who is employed by the Hospital as its medical director.

We conclude that there is an issue of fact whether the Hospital is estopped from asserting the statute of limitations

as an affirmative defense by virtue of the alleged conduct of its medical director during her postoperative treatment of plaintiff as plaintiff's primary care physician (*see generally Simcuski v Saeli*, 44 NY2d 442, 448-451). We disagree with plaintiff, however, that there is an issue of fact whether the statute of limitations was tolled by operation of the continuous treatment doctrine. Although plaintiff's primary care physician is the medical director of the Hospital, the postoperative care that she provided cannot be imputed to the Hospital for purposes of the continuous treatment doctrine because plaintiff's claim against the Hospital is vicarious only, arising from the Hospital's relationship with the anesthesiologist, and there is no proof of a relevant relationship between the primary care physician and the anesthesiologist (*see Walsh v Faxton-Children's Hosp.*, 192 AD2d 1106, 1106-1107; *see also Meath v Mishrick*, 68 NY2d 992, 994; *Colon v City of New York*, 287 AD2d 591; *DiFilippi v Huntington Hosp.*, 203 AD2d 321, 321-322). *Champagnie v State of New York* (224 AD2d 476) is distinguishable because, according to the record on appeal, the physician who provided the continuous treatment in that case was also the physician allegedly responsible for the malpractice.

We further disagree with plaintiff that there is an issue of fact whether the statute of limitations was tolled under a "continuous-treatment-by-institution" theory. Even assuming, arguendo, that such a theory is valid (*but see Ganess v City of New York*, 85 NY2d 733, 737-739 [Titone, J., concurring]; *Plummer v New York City Health & Hosps. Corp.*, 285 AD2d 374, 375-380 [dissenting mem], *revd on other grounds* 98 NY2d 263), we conclude that it would not apply here inasmuch as plaintiff was admitted to the Hospital by the surgeon upon a referral from the primary care physician, who provided the postoperative treatment. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.