◼ JESSICA L. FRIEDRICH, as Administrator of the Estate of RUTH ANNE WHITE, Deceased, Respondent, v CRYSTAL RUN HEALTHCARE, LLP, et al., Defendants, and JOANNE LIVOTE, Appellant. (And Another Related Action.) [790 NYS2d 560]—

Crew III, J. Appeal from an order of the Supreme Court (Clemente, J.), entered October 4, 2002 in Sullivan County, which denied defendant Joanne Livote's motion to dismiss the complaint against her.

On January 26, 1999, decedent was seen at defendant Crystal Run Healthcare, LLP by defendant Joanne Livote (hereinafter defendant) for a complaint of a lump in the right breast. Upon defendant's unsuccessful attempt to aspirate the lump, decedent was referred for a mammogram. The mammogram was interpreted as showing no suspicious nodules or calcifications, and the report advised that any decision to pursue the lesion should be based on clinical grounds. Decedent was seen by defendant again on February 8, 1999, at which time defendant was of the impression that decedent's lump was consistent with a cyst. Consequently, it was decided that decedent would wait one complete menstrual cycle to see if the cyst resolved itself. If not, decedent was to be seen by a surgeon for a cystectomy. Thereafter, on February 28, 1999, defendant left her employment with Crystal Run Healthcare and did not see decedent again.

In December 1999, decedent returned to Crystal Run Healthcare and began receiving treatment for the painful breast lump. Ultimately, decedent was diagnosed with breast cancer, underwent a partial mastectomy and eventually succumbed to her condition. Consequently, these actions for malpractice and wrongful death were commenced. Following joinder of issue, defendant moved to dismiss the complaint against her as time-barred. Supreme Court held that the applicable statute of limitations was tolled by reason of the "continuous treatment doctrine" and denied defendant's motion. This appeal by defendant ensued and we now reverse.

Plaintiff's contention that decedent is entitled to the benefit of the "continuous treatment doctrine," thus tolling the running of the statute of limitations until the end of decedent's course of treatment, is unavailing. It is now well established that physical examinations alone will not satisfy the doctrine's requirement of "continuous treatment" of the condition upon which the allegations of malpractice are predicated (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]). The record makes plain that decedent was examined by defen-

dant for a nodule in her breast. In attempting to diagnose decedent's condition, defendant unsuccessfully attempted to aspirate the lump. She then referred decedent for a mammogram and, when that failed to disclose any pathology, defendant determined to wait a full menstrual cycle to see if the condition resolved itself. In short, defendant never undertook to treat decedent's condition, and we previously have held that diagnostic examinations such as were undertaken here do not constitute treatment (*see Shiffman v Harris*, 280 AD2d 752, 753 [2001]).

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendant Joanne Livote.