ZYGMUNT KROPIEWNICKI, Appellant, v CITY OF NEW YORK et al., Respondents. [814 NYS2d 704]—

In an action to recover damages for medical malpractice, lack of informed consent, and negligent hiring and supervision, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated January 12, 2005, as granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the defendant Bellevue Hospital.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the defendant Bellevue Hospital are denied, and those causes of action are reinstated against that defendant.

There is a 90-day period within which a notice of claim must be served upon a municipal medical facility (*see* General Municipal Law § 50-e; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]). However, the doctrine of continuous treatment may be applied to toll the 90-day period "where a plaintiff patient is successively treated for the same or related illnesses or injuries by different municipal medical facilities under the aegis of the New York City Health and Hospitals Corporation" (*Marabello v City of New York*, 99 AD2d 133, 134 [1984]; *see Borgia v City of New York*, 12 NY2d 151 [1962]). The appellant contends that the Supreme Court improperly concluded that the doctrine of continuous treatment did not apply to the care of the appellant's decedent (hereinafter the patient) by the respondent Bellevue Hospital (hereinafter Bellevue). We agree.

The defendants sustained their initial burden on the motion for summary judgment by submitting the Bellevue medical records demonstrating that it treated the patient, inter alia, for sepsis and, after performing bilateral below-the-knee amputations of his legs, discharged him from Bellevue more than 90 days before the notice of claim was served (*see Artale v St. Francis Hosp.*, 10 AD3d 439 [2004]). However, in opposition, the appellant raised a triable issue of fact as to whether the patient's subsequent admission to the defendant Coler Memorial Hospital (hereinafter Coler) for rehabilitative therapy constituted a continuation of the course of treatment for the condition which originally gave rise to the alleged medical malpractice (*see DiFilippi v Huntington Hosp.*, 203 AD2d 321 [1994]; *cf. Marabello v City of New York, supra* at 141), and whether Bellevue or the patient considered treatment to be completed when the patient was transferred to Coler (*see Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338 [1997]; *Richardson v Orentreich*, 64 NY2d 896, 898-899 [1985]; *Cotto v City of New York*, 99 AD2d 748, 749 [1984]). Further, the appellant raised a triable issue of fact as to whether the treatment of the patient by Bellevue in ambulatory care on multiple occasions during his hospitalization at Coler, including a visit on February 1, 2001, within the relevant 90-day period, were related to the amputations and were not "routine examinations" (*Robertson v Bozza & Karafiol*, 242 AD2d 613, 615 [1997]). Florio, J.P., Miller, Adams and Skelos, JJ., concur.