Wright v Southampton Hosp. (2020 NY Slip Op 06170)





Wright v Southampton Hosp.


2020 NY Slip Op 06170


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-10749 
2018-03052
 (Index No. 611823/15)

[*1]Rudolphus Wright, et al., appellants,
v
Southampton Hospital, et al., defendants, Hamptons Center for Rehabilitation and Nursing, et al, respondents. Blyer & Kurland, P.C., Jericho, NY (Steven R. Blyer of counsel), for appellants.


Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell and Eldar Mayouhas of counsel), for respondent Hamptons Center for Rehabilitation and Nursing.
Kelly, Rode & Kelly, LLP, Mineola, NY (George J. Wilson of counsel), for respondent Allen Fine.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 22, 2017, and (2) an order of the same court dated January 11, 2018. The order dated August 22, 2017, insofar as appealed from, granted the motion of the defendant Allen Fine, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. The order dated January 11, 2018, granted the motion of the defendant Hamptons Center for Rehabilitation and Nursing pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint insofar as asserted against it as was based on treatment provided prior to May 6, 2013, as time-barred.
ORDERED that the order dated August 22, 2017, is reversed insofar as appealed from, on the law, and the motion of the defendant Allen Fine, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is denied; and it is further,
ORDERED that the order dated January 11, 2018, is reversed, on the law, and the motion of the defendant Hamptons Center for Rehabilitation and Nursing pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint insofar as asserted against it as was based on treatment provided prior to May 6, 2013, as time-barred is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On November 6, 2015, the plaintiffs, Rudolphus Wright (hereinafter the patient) and his wife, Francesca Wright, suing derivatively, commenced this action to recover damages for medical malpractice against, among others, the defendants Allen L. Fein, incorrectly sued herein as Allen Fine (hereinafter Fein), and Hamptons Center for Rehabilitation and Nursing (hereinafter the Hamptons Center). In their bills of particulars as against Fein and the Hamptons Center, the plaintiffs alleged that, after the patient was admitted to the Hamptons Center, he was treated by attending physician Fein for deep vein thrombosis and blood clots in the lower extremities. The [*2]plaintiffs alleged that the failure of Fein and the Hamptons Center to properly diagnose and treat these conditions resulted in the patient requiring bilateral above-the-knee amputations in May 2012 and September 2012. Following the amputations, the patient allegedly was returned to the Hamptons Center where Fein provided the patient with postoperative treatment, which included physical therapy and medication, until the patient's discharge in January 2015.
Fein moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred because the last act of alleged malpractice on his part took place on September 22, 2012, more than 2½ years before the plaintiffs commenced the action. The Hamptons Center separately moved pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint insofar as asserted against it as was based on treatment provided prior to May 6, 2013, as time-barred by the applicable 2½-year statute of limitations (see CPLR 214-a).
In opposition to the separate motions, the plaintiffs submitted, inter alia, affidavits wherein the patient averred that, following each of the amputations, he was returned to the Hamptons Center and treated by Fein and the Hamptons Center's nursing staff with wound care, medication for phantom limb pain, and physical therapy in anticipation of the use of prostheses and a wheelchair.
In an order dated August 22, 2017, the Supreme Court, inter alia, granted Fein's motion. In an order dated January 11, 2018, the court granted the Hamptons Center's motion. The plaintiffs appeal from both orders.
A medical malpractice action "must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850 [internal quotation marks omitted]; see Gomez v Katz, 61 AD3d 108, 111). "The underlying premise of the continuous treatment doctrine is that the doctor-patient relationship is marked by continuing trust and confidence and that the patient should not be put to the disadvantage of questioning the doctor's skill in the midst of treatment, since the commencement of litigation during ongoing treatment necessarily interrupts the course of treatment itself" (Gomez v Katz, 61 AD3d at 111; see Massie v Crawford, 78 NY2d 516, 519; Petito v Roberts, 113 AD3d 743, 744).
A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired (see CPLR 214-a; Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d at 850; Gomez v Katz, 61 AD3d at 113). Here, Fein established, prima facie, that the acts of alleged malpractice took place more than 2½ years before the action was commenced. However, in opposition, the plaintiffs raised a question of fact as to whether Fein's postoperative treatment of the patient, including rehabilitative therapy, wound care, and pain management, constituted a continuation of the course of treatment for the condition which originally gave rise to the alleged medical malpractice (see Kropiewnicki v City of New York, 29 AD3d 532; DiFilippi v Huntington Hosp., 203 AD2d 321; cf. Almodovar v St. Vincent's Hosp. & Med. Ctr. of N.Y., 236 AD2d 435).
Similarly, the Hamptons Center established, prima facie, that their acts of alleged malpractice prior to May 6, 2013, were time-barred. However, in opposition, the plaintiffs raised a question of fact as to whether the Hamptons Center's postoperative treatment of the patient, which included rehabilitative therapy, wound care, and pain management treatment through January 2015, constituted a continuation of the course of treatment for the condition which originally gave rise to the alleged medical malpractice (see Kropiewnicki v City of New York, 29 AD3d 532; DiFilippi v Huntington Hosp., 203 AD2d 321; cf. Almodovar v St. Vincent's Hosp. & Med. Ctr. of N.Y., 236 AD2d 435).
Accordingly, the Supreme Court should have denied Fein's motion to dismiss the [*3]complaint insofar as asserted against him and the Hamptons Center's separate motion to dismiss so much of the complaint insofar as asserted against it as was based on treatment provided prior to May 6, 2013, as time-barred.
The plaintiffs' remaining contention need not be reached in light of our determination.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court