Turcios v New York City Health & Hosps. Corp. (2021 NY Slip Op 00644)





Turcios v New York City Health & Hosps. Corp.


2021 NY Slip Op 00644


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 20678/12 Appeal No. 13047 Case No. 2020-02014 

[*1]Jenie M. Chavez Turcios et al., Plaintiffs-Appellants,
v
New York City Health and Hospitals Corporation, Defendant-Respondent.


Mitchell D. Kessler, New York, for appellants.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about November 21, 2019, which granted defendant's motion to dismiss the complaint for failure to file a timely notice of claim, unanimously affirmed, without costs.
Supreme Court correctly determined that the continuous treatment doctrine did not apply to toll the statutory period in which plaintiff was required to serve her notice of claim on defendant (see Allende v New York City Health & Hosps. Corp. , 90 NY2d 333, 337-338 [1997]). The post-stroke rehabilitative care that plaintiff received at Jacobi Medical Center did not constitute a continuation of treatment for the condition that gave rise to the alleged malpractice, which, as described in her bill of particulars, was limited to the hospital's failure to diagnose and treat her headache when she presented in the emergency department on May 10, 2011 (see Evans v Ginsberg , 292 AD2d 566 [2d Dept 2002]; Almodovar v St. Vincent's Hosp. & Med. Ctr. of N.Y. , 236 AD2d 435 [2d Dept 1997]). Moreover, before plaintiff returned to Jacobi for post-stroke care, the stroke had been diagnosed and treated at Montefiore Medical Center, a different facility, where she continued to receive follow-up care from its neurology and stroke specialists (see Allende , 90 NY2d at 339-340). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021