Per Curiam.

The order of the Appellate Division should be affirmed. We conclude as a matter of law that the doctrine of continuous treatment (Borgia v City of New York, 12 NY2d 151) may not be invoked in the circumstances disclosed in this record to defer the running of the statutory claim period.*
Decedent went to Ft. Greene Cancer Detection Center on February 20, 1968 to arrange for a diagnostic examination in *259 connection with a lump in her breast. She was advised to return on February 26 for a full physical examination. Following that examination the diagnostic findings were noted on a chart and a copy was forwarded to decedent’s private physician. She was advised that there was nothing to be concerned about and to return in two years. A year later in February, 1969 decedent again went to the center for further examination in response to a mail communication from the center. The record does not disclose the results of this examination or any advice or communication which resulted from it.
In December, 1969, decedent’s family physician advised her to see a surgeon with regard to the condition in her breast. It is alleged that she telephoned the center and spoke with a receptionist. She was told that she would be called to come back in February or March. The record contains an undated letter from the center scheduling an appointment on February 17, 1970.
On January 22, 1970 decedent was admitted to Kings Highway Hospital where a radical mastectomy disclosed carcinoma of the right breast with extensive metastases to auxiliary lymph nodes. Decedent’s condition deteriorated steadily thereafter until her death on February 16, 1973.
In substance the present action seeks recovery on the theory of malpractice in connection with the alleged misdiagnosis of decedent’s condition by Ft. Greene Cancer Detection Center. Notice of claim was served on defendant city on April 13, 1970 and the present action was commenced by the service of a summons and complaint on December 22, 1970.
We hold that the 90-day period for the filing of a timely notice of claim under sections 50-e and 50-i of the General Municipal Law began to run no later than February, 1969. Accordingly, the notice in April, 1970 was not timely.
A cause of action for malpractice generally accrues at the time of the commission of the alleged act of malpractice. Since the alleged malpractice here occured in February, 1968 or at the latest in February, 1969, appellant seeks to come within the "continuous treatment” exception to this rule.
We think that the issue tendered by the parties as to whether a diagnostic center renders medical "treatment”, is diversionary. We assume that a diagnostic center renders medical services which may be the subject matter of a malpractice action. In this instance we conclude, however, that *260 the Ft. Greene Cancer Detection Center rendered intermittent rather than continuous medical services. Specifically medical services were rendered in February, 1968 and again in February, 1969. The telephone and mail contacts which the decedent had with the center at the end of 1969 or in early 1970 cannot be characterized as constituting medical services. In our view the medical services rendered by the center in February, 1968 in legal contemplation were discrete and complete. The same was true of any medical services rendered the following February. (Cf. Schiffman v Hospital for Joint Diseases, 36 AD2d 31, mot for lv to app den 29 NY2d 483; McQuinn v St. Lawrence County Lab., 28 AD2d 1035, mot for lv to app den 21 NY2d 644.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion
Order affirmed, with costs.

 As to claims for medical malpractice with respect to acts, omissions and failures occurring after June 30, 1975 (see CPLR 214-a, as added by L 1975, ch 109, § 6, eff July 1, 1975).