OPINION OF THE COURT
Chief Judge Wachtler.
This action for medical malpractice arises out of the defendant doctor’s alleged failure to properly diagnose and monitor a lump in plaintiff’s* right breast. Plaintiff was ultimately diagnosed as having breast cancer, which required surgery and chemotherapy.
The question presented on the appeal is whether this suit, which was commenced more than eight years after the lump was first brought to defendant’s attention and more than four years after plaintiff’s last appointment with defendant in connection with another medical condition, is barred by the 21/i-year Statute of Limitations for medical malpractice (see, CPLR 214-a). In opposition to defendants’ motion to dismiss the complaint as time barred, plaintiff claimed the benefit of the "continuous treatment doctrine,” which, when applicable, tolls the running of the Statute of Limitations until the end of the course of treatment for the particular medical condition (see, id.; McDermott v Torre, 56 NY2d 399; Borgia v City of New York, 12 NY2d 151).
Supreme Court denied the motions to dismiss, perceiving questions of fact as to whether the continuous treatment doctrine was applicable. The Appellate Division held, however, that the doctrine was inapplicable because plaintiff’s allegations did not establish that defendant doctor had undertaken any treatment for plaintiff’s breast condition (153 AD2d 316).
We agree with the Appellate Division that the continuous treatment doctrine is inapplicable to the facts of this case as alleged by plaintiff and that, accordingly, the action is time barred.
*258 Plaintiff first began seeing Dr. Henriques in 1974 for infertility problems, which were determined to be secondary to endometriosis. The doctor treated plaintiff for that condition over a period of years, culminating in surgery in April 1982. During an office visit in July 1979, plaintiff brought to the doctor’s attention a lump in her right breast. After examining the breast, he allegedly told plaintiff that the lump was attributable to noncancerous fibrocystic disease and that "we will have to keep an eye on it.” In addition, lumps in both breasts were noted during an examination of plaintiff conducted by an unspecified person upon plaintiff’s admission to the hospital for the April 1982 surgery. No further evaluation was performed at that time.
After the surgery, plaintiff saw the doctor three times, the last time in September 1983, for postoperative care and adjustment of estrogen replacement medication. The doctor phoned in renewals of plaintiff’s prescriptions in 1984 and in June 1985. In December 1985, plaintiff scheduled an appointment with the doctor because she had detected enlargement of the mass in her right breast. The doctor examined defendant in January 1986 and immediately referred her to an oncologist, who diagnosed breast cancer. This action was commenced in December 1987.
A medical malpractice claim generally accrues on the date of the alleged wrongful act or omission and is governed by a 214-year Statute of Limitations (Davis v City of New York, 38 NY2d 257, 259; CPLR 214-a). Under the continuous treatment doctrine exception, however, the 214-year period does not begin to run until the end of the course of treatment " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint’ ” (McDermott v Torre, supra, at 405, quoting Borgia v City of New York, supra, at 155). The purpose of the doctrine is to "maintain the physician-patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains on a case from onset to cure” (McDermott v Torre, supra, at 408). The doctrine rests on the premise that it is in the patient’s best interest that an ongoing course of treatment be continued, rather than interrupted by a lawsuit, because "the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so.” (Id.)
Thus, essential to the application of the doctrine is that *259 there has been a course of treatment established with respect to the condition that gives rise to the lawsuit. We have held that neither the mere "continuing relation between physician and patient” nor "the continuing nature of a diagnosis” is sufficient to satisfy the requirements of the doctrine (id,., at 405, 406). In the absence of continuing efforts by a doctor to treat a particular condition, none of the policy reasons underlying the continuous treatment doctrine justify the patient’s delay in bringing suit.
Here, plaintiff has failed to allege facts which would support a finding that a course of treatment was established in connection with her breast condition. The only course of treatment alleged was related to a separate medical condition, endometriosis. Under the relevant statute and case law, this is not sufficient. CPLR 214-a explicitly requires that, for the toll to apply, the continuous treatment must be "for the same illness, injury or condition which gave rise to the * * * act, omission or failure” complained of (see also, McDermott v Torre, supra, at 405; Borgia v City of New York, supra, at 155 [the course of treatment must be "related to the same original condition or complaint”]). No connection between plaintiff’s breast condition and the course of treatment for endometriosis has been alleged.
Nor do the isolated breast examinations, only one of which is alleged to have been performed by defendant doctor during the relevant period, establish a course of continuous treatment with respect to plaintiff’s breast condition (see, Davis v City of New York, 38 NY2d 257, supra). In Davis, we held that two diagnostic examinations, conducted a year apart, were "discrete and complete” and did not constitute continuous treatment (38 NY2d, at 260). The examinations in this case were equally "discrete and complete” and were separated by an even greater period of time.
A holding that the continuous treatment doctrine is applicable to these facts would fundamentally extend and alter the doctrine. The gravamen of plaintiff’s claim is not that the doctor performed certain negligent acts or omissions during a course of treatment for her breast condition, but rather that the doctor was negligent in failing to establish a course of treatment at all. While the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment.
*260 For these reasons, we conclude that the continuous treatment doctrine is inapplicable and that the action is time barred.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 "Plaintiff” refers to plaintiff Diane Nykorchuck. The other plaintiff in this action is her husband, who sues for derivative damages.