■ BOBBY R. ROBERTS, Also Known as JOHN ROBERTS, et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents.—Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about November 29, 1991, which denied plaintiffs' motion to strike defendants' second affirmative defense and denied the defendants' motion to dismiss the complaint as barred by the statute of limitations, unanimously modified, on the law, to grant the defendants' motion to dismiss the complaint as time barred, the complaint is hereby dismissed and the order appealed is otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of the defendants dismissing the complaint.

Plaintiffs' complaint alleged that between February 1986 and May 1988 plaintiff, Bobby Ray Roberts was treated at Bellevue Hospital on some 17 occasions for various conditions. Plaintiff and his wife commenced this action for malpractice and derivative claims on June 7, 1989. The complaint alleged that Bellevue had failed to timely diagnose and treat plaintiff's throat cancer. Plaintiffs based their opposition to defendants' statute of limitations defense on the contention that the plaintiff's treatment at Bellevue over the two year period from February 1986 to February 1988 constituted a continuous course of treatment.

It has been held that "essential to the application of the [continuous treatment] doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit * * * [N]either the mere 'continuing relation between physician and patient' nor 'the continuing nature of a diagnosis' is sufficient to satisfy the requirements of the doctrine * * * In the absence of continuing efforts by a doctor to treat a particular condition, none of the policy reasons underlying the continuous treatment doctrine justify the patient's delay in bringing suit." *(Nykorchuck v Henriques,* 78 NY2d 255, 258-259.)

Upon our review of the record in the present case, we find that at most there may have been a course of treatment established with respect to the diagnosis and treatment of the plaintiff for tuberculosis which ended in May of 1986. The time to commence a suit based upon that course of treatment had long passed when the present action was commenced based upon the defendants' failure to timely diagnose and treat plaintiff's throat cancer, which admittedly is an unrelated condition. The treatment of the plaintiff at Bellevue Hospital after May 1986 was for various other conditions and was intermittent. Discrete examinations for unrelated illnesses do not establish a continuous course of treatment. It has been held that isolated examinations, which are complete in and of themselves, do not constitute a continuous course of treatment, even if the examinations are related to the same area of the body *(Davis v City of New York,* 38 NY2d 257, 260). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.