■ VERALDINE WASHINGTON et al., Appellants, v E. HAKIM ELAHI et al., Respondents. [597 NYS2d 110] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated December 11, 1990, as denied the plaintiffs' motion to strike the defendants' affirmative defense of the Statute of Limitations and granted the defendants' respective cross motions for summary judgment dismissing as time-barred those portions of the plaintiffs' complaint alleging malpractice occurring prior to June 30, 1985.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On or about December 31, 1987, the plaintiffs commenced the instant action to recover damages for medical malpractice. The defendants each asserted an affirmative defense based upon the two and one-half year Statute of Limitations (see, CPLR 214-a). The plaintiffs subsequently made a motion to strike these affirmative defenses, seeking to invoke the "continuous treatment" doctrine. The defendants thereupon countered by moving for partial summary judgment dismissing as time-barred those portions of the complaint which alleged malpractice occurring prior to June 30, 1985. The Supreme Court held that the "continuous treatment" doctrine had no application herein. We affirm.

The plaintiffs have not satisfied their burden of proving prima facie that the continuous treatment doctrine should apply in this case (see, Polizzano v Weiner, 179 AD2d 803; Werner v Kwee, 148 AD2d 701). Although the plaintiffs successfully established that an ongoing physician-patient relationship existed with each of the respective defendants, they failed to demonstrate a factual question regarding whether either defendant provided a continuous treatment "for the same illness, injury or condition which gave rise to the * * * act, omission or failure" underlying their medical malpractice claim (CPLR 214-a). Indeed the plaintiffs may not rely upon isolated breast examinations which were " 'discrete and

complete' " *(Nykorchuck v Henriques,* 78 NY2d 255, 259, quoting *Davis v City of New York,* 38 NY2d 257, 260). As in *Nykorchuck (supra,* at 259), the gravamen of the plaintiffs' claim is not that the defendants performed negligent acts or omissions during a course of treatment for her breast condition, but contrarily that the defendants were "negligent in failing to establish a course of treatment at all". However, "[w]hile the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" for the purposes of the continuous treatment doctrine *(Nykorchuck v Henriques, supra,* at 259). Accordingly, we find that the continuous treatment doctrine is inapplicable as a matter of law. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.