■ ELIDA SANCHEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [648 NYS2d 569] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered June 12, 1995, which granted defendant New York City Health and Hospitals Corporation's (HHC) motion to dismiss the complaint as against it, unanimously affirmed, without costs.

While plaintiff states a meritorious cause of action against HHC for its negligent failure to render treatment while her fetus was in distress on October 30 and 31, 1989, it is clear that her physician-patient relationship with HHC, in relation to that condition, was voluntarily discontinued on October 31, 1989, when she went to defendant Beth Israel Medical Center (sued herein as Beth Israel Hospital), having been turned away by HHC, and underwent the C-section to remove the dead fetus and the allegedly negligent hysterectomy that caused her a perforated bladder and resulting urological problems. There is nothing to indicate that plaintiff and HHC were, at that point, contemplating a continuation of their relationship for plaintiff's "high risk" pregnancy (*see, Rizk v Cohen*, 73 NY2d 98). Plaintiff's resumption of a physician-patient relationship with HHC for the urological problems on April 9, 1990, and continuing until June 16, 1990, did not make the course of treatment with HHC continuous, and accordingly, the notice of claim served by plaintiff on September 5, 1990, seeking to hold HHC liable for loss of the fetus, and also for the urological problems on the theory that HHC's malpractice on October 30 and 31, 1989 made it an original tortfeasor responsible for Beth Israel's malpractice, was properly held to be untimely because it was not served within 90 days after October 31, 1989. As the mo-

tion court stated, the treatment rendered from April to June 1990 was "for the sequelae of a condition which did not exist prior to [plaintiff's] initial termination of treatment in October 1989, [i.e.], a perforated bladder", and the continuous treatment doctrine does not apply since the course of treatment that includes the wrongful acts or omissions does not relate to the same original condition or complaint (*Ganess v City of New York*, 85 NY2d 733, 735; *Nykorchuck v Henriques*, 78 NY2d 255, 259). No claim is made by plaintiff that treatment rendered between April and June 1990 was negligent. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.