■ ROBERT COOPER, Respondent, v BRONX CROSS COUNTY MEDICAL GROUP et al., Appellants. [687 NYS2d 156] —Judgment, Supreme Court, Bronx County (George Friedman, J., and a jury), entered June 9, 1998, in a medical malpractice action, awarding plaintiff damages for past and future pain and suffering of $500,000 and $1.25 million, respectively, and for past

and future lost earnings of $150,000 and $450,000, respectively, upon plaintiff's stipulation, in lieu of a new trial on damages, to reduce the jury awards for past and future pain and suffering from $2.5 million and $5 million, respectively, unanimously affirmed, without costs.

Plaintiff alleged that defendants committed malpractice by repeatedly prescribing Decadron, a steroid, as treatment for a recurrent skin rash, dyshydrotic eczema, causing him to sustain a progressively debilitating condition known as bilateral avascular necrosis that eventually required replacement of both of his hips. The jury agreed, finding that such condition was directly attributable to the consumption of Decadron at excessive doses for excessive periods of time and without appropriate monitoring.

Defendants' several points of error are either without merit or do not warrant a new trial. The references in the hospital records to plaintiff's possible alcohol abuse were properly excluded as hearsay (*see, Mercedes v Amusements of Am.*, 160 AD2d 630), and, in any event, defendants were not prevented from questioning plaintiff about his consumption of alcohol or otherwise presenting their defense that plaintiff's use of alcohol was the cause of his avascular necrosis. Any possible error in admitting into evidence the section of the Physician's Desk Reference (PDR) relating to Decadron, and in instructing the jury that administration of medication in excess of the suggestions contained in the PDR constitutes evidence of deviation from accepted medical standards was not prejudicial since the jury determined that defendants had deviated from accepted medical standards not only by prescribing Decadron at excessive dosages for excessive periods of time, but also by failing to adequately monitor plaintiff, continuing to administer Decadron without reexamining plaintiff and not obtaining plaintiff's informed consent. We have considered defendants' other arguments, including that the verdict on liability is against the weight of the evidence, that damages for lost earnings were not established with reasonable certainty and that the awards for pain and suffering, as reduced by the trial court, deviate materially from what is reasonable compensation, and find them to be without merit. Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.