■ MARILYN ADAM, Respondent, v PARK RIDGE HOSPITAL et al., Defendants, and TARUN KOTHARI, Appellant. (Appeal No.

1.) [689 NYS2d 579] —Order reversed on the law without costs, cross motion denied, motion granted and complaint against defendant Tarun Kothari dismissed. Memorandum: Supreme Court erred in denying the motion of Tarun Kothari (defendant) for summary judgment dismissing the complaint against him as time-barred and granting the cross motion of plaintiff dismissing the affirmative defense of the Statute of Limitations. Plaintiff has a history of chronic ulcerative colitis that was treated on a periodic basis from June 1986 through February 1996 by defendant, a gastroenterologist. On August 29, 1994, plaintiff was injured when she fell from her bed in the recovery room at defendant Park Ridge Hospital (Hospital) after defendant performed a routine colonoscopy. Plaintiff alleged that defendant committed malpractice by failing to inform the Hospital staff of her drug allergies and failing to direct the Hospital staff adequately with respect to her post-procedure care. The record establishes that defendant never treated plaintiff for the injury resulting from the fall, which consisted of contusions to her right shoulder and hip, and that he saw her only once more, 18 months later, at which time he performed another colonoscopy and biopsy for the purpose of monitoring her gastroenterological condition.

Contrary to the court's conclusion, the medical malpractice Statute of Limitations (CPLR 214-a) was not tolled under the continuous treatment doctrine during the interval between plaintiff's orthopedic injury in August 1994 and plaintiff's routine colonoscopy in February 1996. The continuous treatment doctrine rests upon "the premise that it is in the patient's best interest that an ongoing course of treatment be continued, rather than interrupted by a lawsuit, because 'the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so'" (*Nykorchuck v Henriques,* 78 NY2d 255, 258, quoting *McDermott v Torre,* 56 NY2d 399, 408; *see also, Ganess v City of New York,* 85 NY2d 733, 735). "Thus, essential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques, supra,* at 258-259). Here, as in *Nykorchuck (supra,* at 259), the only course of treatment alleged was related to a separate medical condition, plaintiff's ongoing gastroenterological condition. Absent a course of treatment for the orthopedic condition, the ongoing treatment of the gastroenterological condition did not toll the Statute of Limitations for the orthopedic injury.

All concur except Pine, J. P., who dissents and votes to affirm in the following Memorandum.

Pine, J. P. (dissenting). I respectfully dissent. In support of her cross motion to dismiss the Statute of Limitations affirmative defense, plaintiff states in an affidavit that, on the morning of August 29, 1994, prior to the colonoscopy procedure, she met with Tarun Kothari (defendant) alone and that he told her he wanted to give her Demerol during the colonoscopy. She avers that defendant told her not to mention her allergy to Demerol to the nurses and to deny it if asked, and she further avers that, based on her conversation with defendant, when she was asked about Demerol she denied any problem in receiving it.

Plaintiff was given Demerol during the procedure. Plaintiff further avers that, after the procedure, while she was seated on the side of the bed with the rails down and nothing to hold on to, a nurse told her to get dressed and left her alone to do so. Plaintiff avers that, after she began to dress, the room started to spin, and she next recalls lying on the floor, having sustained injuries to her right shoulder and hip. Those injuries required hospitalization for medical treatment, home care and physical therapy, none of which involved defendant.

Supreme Court denied defendant's motion to dismiss on Statute of Limitations grounds, reasoning that the continuous treatment doctrine applies because defendant, who had cared for plaintiff for a number of years, did a subsequent colonoscopy in February 1996, and that the action was commenced within 2½ years of that date. The court noted defendant's argument that the continuous treatment doctrine is intended to apply to a doctor who is correcting a condition caused by his own malpractice and that the corrective treatment required here was orthopedic. The court concluded, however, that the explicit statutory language of CPLR 214-a covers this situation. Defendant concedes in his brief on appeal that the literal language of CPLR 214-a would extend the limitations period for plaintiff to commence her action against him because she alleged continuous treatment for the same illness, injury or condition that gave rise to the act, omission or failure. Defendant contends, however, and the majority agrees, that the continuous treatment doctrine does not apply to a situation in which a defendant physician does not treat the injuries caused by his alleged malpractice, even though he continues to provide treatment for the underlying condition.

The Court of Appeals has held that "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or

complaint' (*Borgia v City of New York,* 12 NY2d 151, 155). The concern, of course, is whether there has been continuous treatment, and not merely a continuing relation between physician and patient" (*McDermott v Torre,* 56 NY2d 399, 405). In *Nykorchuck v Henriques* (78 NY2d 255, 258), the Court quoted that language from *McDermott* in addition to the further language in *McDermott* (*supra,* at 408) that the continuous treatment doctrine "rests on the premise that it is in the patient's best interest that an ongoing course of treatment be continued, rather than interrupted by a lawsuit, because 'the doctor not only is in a position to identify and correct his or her malpractice, but is best placed to do so' ".

The Court in *Nykorchuck* (*supra,* at 258-259) further held that "essential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit." The emphasis is on whether there was continuing treatment as opposed to a mere continuing relationship or diagnosis; no issue was presented in *Nykorchuck* whether the condition giving rise to the lawsuit was caused by treatment for a condition being continuously treated. As the instant case demonstrates, treatment for the illness that gave rise to an act of alleged malpractice and treatment for the consequences of such malpractice are not necessarily the same. The policy that a patient should not be required to interrupt ongoing corrective efforts by a physician whose actions allegedly caused an injury by suing the physician (*see, Massie v Crawford,* 78 NY2d 516, 519, *rearg denied* 79 NY2d 978) would appear equally applicable to ongoing treatment for the underlying condition where the consequences of the malpractice required treatment by specialists in a different field of medicine.

The Court of Appeals was confronted with a related issue and declined to address a "potentially intriguing idiosyncrasy", i.e., "that the *negligence* was allegedly committed by an obstetrician at plaintiff's birth, whereas the ensuing 11 years of admittedly nonnegligent *treatment* were provided by an entirely different set of doctors with a different medical specialty" (*Ganess v City of New York,* 85 NY2d 733, 736). The determinative factor was that plaintiff failed to show that any treatment was continuous for the entire 11-year period alleged. This case presents the variation that the negligence and continuing treatment for the underlying condition were attributed to defendant while there is no claim of negligence against those medical professionals who treated the injuries allegedly caused by defendant's malpractice.

In light of the language of CPLR 214-a, I would affirm. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.