■ MILDRED SOTO et al., Appellants, v CLIFFORD J. TOBACK et al., Respondents. [756 NYS2d 763] —In an action to recover damages for podiatric malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Owen, J.), dated January 2, 2002, which granted the motion of the defendants Clifford Toback and Tracey Toback, and the separate motion of the defendant Vanessa Mary Darmochwal, for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated March 14, 2002, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated March 14, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered the order dated January 2, 2002, is reversed, on the law, the motions are denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs commenced this podiatric malpractice action on July 21, 2000. The defendants moved for summary judgment dismissing the complaint, asserting that the action is barred by the 2½-year statute of limitations (*see* CPLR 214-a). The plaintiffs argue that the defendants' continuous treatment of the plaintiff Mildred Soto's hammertoe condition tolled the statute of limitations. The Supreme Court granted the defendants' separate motions and we reverse.

Under the continuous treatment doctrine, the 2¹/₂-year limitation period is tolled until after a patient's last treatment when the course of treatment which includes the wrongful acts or omission has run continuously and is related to the same original condition or complaint (*see Borgia v City of New York,* 12 NY2d 151, 155 [1962]). Essential to the application of the doctrine is that a course of treatment has been established with respect to the condition that gives rise to the lawsuit (*see Nykorchuck v Henriques,* 78 NY2d 255 [1991]).

The plaintiffs demonstrated the existence of issues of fact as to whether the care that the plaintiff Mildred Soto received through October 8, 1998, constituted continuous treatment for the hammertoe condition, thereby tolling the statute of limitations. Accordingly, the defendants' motions should have been denied. Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.