■ PAUL D. COUZENS et al., Appellants, v THOMAS A. AUGUSTINE, M.D., et al., Respondents. [758 NYS2d 579] —Appeal from an order of Supreme Court, Erie County (Flaherty, J.), entered November 13, 2001, which granted defendants' motion for summary judgment dismissing that part of the complaint based on conduct that occurred more than $2\frac{1}{2}$ years prior to the commencement of the action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing that part of the complaint in this medical malpractice action based on conduct that occurred more than $2\frac{1}{2}$ years prior to the commencement of the action. Paul D. Couzens (plaintiff) initially came under the care of Thomas A. Augustine, M.D. (defendant) in 1988. According to defendant, plaintiff informed him at that time that a biopsy of a mole on plaintiff's back had been negative.

According to plaintiff, he informed defendant that two biopsies of the mole had previously been conducted, one positive for cancer and the other "negative, but * * * suspicious." In any event, defendant's medical records for plaintiff are devoid of any further mention of the mole after that initial visit.

Defendants met their initial burden on the motion by establishing that the action is time-barred with respect to conduct that occurred prior to August 26, 1996, and the burden then shifted to plaintiffs to establish the applicability of the continuous treatment doctrine (*see Nailor v Oberoi*, 237 AD2d 898 [1997]; *Merriman v Sherwood*, 204 AD2d 998 [1994]). Plaintiffs failed to meet that burden. "[E]ssential to the application of the [continuous treatment] doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]; *see Adam v Park Ridge Hosp.*, 261 AD2d 856, 857 [1999]). "In the absence of continuing efforts by a doctor to treat a particular condition, none of the policy reasons underlying the continuous treatment doctrine justify the patient's delay in bringing suit" (*Nykorchuck*, 78 NY2d at 259). "A patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of 'continuous treatment' of the condition upon which the allegations of medical malpractice are predicated" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *see also Nykorchuck*, 78 NY2d at 259). Here, although defendant treated plaintiff various times from 1988 through 1996, the only notation in the medical records concerning the mole is on the date of plaintiff's initial visit in 1988, and it is undisputed that defendant never undertook to treat the mole. "In essence, plaintiff[s] allege[ ] nothing more than defendants' failure to timely diagnose and establish a course of treatment for [plaintiff's mole], omissions that do not amount to a 'course of treatment' " (*Young*, 91 NY2d at 297; *see Nykorchuck*, 78 NY2d at 259). Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.