JAMES ZAJAC et al., Appellants, v E. ROBERT WILSON et al., Respondents. [821 NYS2d 336]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered August 5, 2005. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by James Zajac (plaintiff) as the result of the alleged medical malpractice and negligence of Dr. E. Robert Wilson (defendant) in conducting a

series of independent medical examinations (IMEs). In a prior order, Supreme Court granted those parts of defendants' motion seeking summary judgment dismissing the negligence cause of action and part of the medical malpractice cause of action, and that order was affirmed on appeal (*Zajac v Wilson*, 2 AD3d 1410 [2003], *lv dismissed* 5 NY3d 873 [2005]).

The court properly granted defendants' motion seeking summary judgment dismissing the remainder of the complaint on the ground that the part of the medical malpractice cause of action surviving the prior motion is time-barred. Defendants met their initial burden on the motion by demonstrating that plaintiffs commenced the action more than 2 1/2 years after the alleged malpractice (*see Waring v Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1025 [2004]; *Couzens v Augustine*, 305 AD2d 1012, 1013 [2003]). The burden then shifted to plaintiffs to raise a triable issue of fact with respect to the applicability of the continuous treatment doctrine (*see Waring*, 13 AD3d at 1025). Plaintiffs failed to meet that burden. "[E]ssential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]). The record establishes that defendant conducted IMEs on behalf of the workers' compensation insurance carriers that provided coverage to plaintiff's employer for plaintiff's job-related back injuries, but provided no course of treatment for those injuries. "In the absence of continuing efforts by a doctor to treat a particular condition, none of the policy reasons underlying the continuous treatment doctrine justify [plaintiffs'] delay in bringing suit" (*Nykorchuck*, 78 NY2d at 259). Finally, contrary to plaintiffs' contention, defendants showed "good cause" for their delay in filing the motion, and thus the court properly exercised its discretion in entertaining the motion on the merits (CPLR 3212 [a]; *see Kunz v Gleeson*, 9 AD3d 480, 481 [2004]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.