■ OLGA SZCZESNIAK, Appellant, v HENRYK CIOCZEK et al., Respondents. [876 NYS2d 492]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jackson, J.), entered October 12, 2007, which, upon an order of the same court dated August 6, 2007, granting the motion of the defendant Henryk Cioczek for summary judgment dismissing the complaint insofar as asserted against him and the separate motion of the defendants Naftoli Neuberger and Naftoli Neuberger, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them, is in favor of the defendants and against him dismissing the complaint with prejudice.

Ordered that the judgment is affirmed, with one bill of costs payable by the plaintiff to the defendants appearing separately and filing separate briefs.

A cause of action to recover damages for medical malpractice accrues on the date of the alleged act, omission, or failure complained of, and is subject to a 2½-year statute of limitations (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 295-296 [1998]; *Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's medical malpractice claims were time-barred (*see* CPLR 214-a). In opposition, the plaintiff failed to raise a triable issue of fact with respect to any defendant (*see*

*Anderson v Central Brooklyn Med. Group*, 56 AD3d 500, 501 [2008]). In particular, the plaintiff failed to demonstrate that the continuous treatment doctrine is applicable. Under that doctrine, when there has been "continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a), the limitations period runs from the date of the "last treatment" (*id.*; *see Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]; *Gomez v Katz*, 61 AD3d 108, 111 [2009]; *Roca v Perel*, 51 AD3d 757, 760 [2008]). Any continuous course of treatment that the defendant physician Naftoti Neuberger and his professional corporation rendered to the decedent was not related to the condition which gave raise to the action. Consequently, the isolated act of alleged malpractice committed by Neuberger in connection with his alleged failure to order a test that might have disclosed the decedent's cancer was beyond the statute of limitations (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d at 296-297; *Nykorchuck v Henriques*, 78 NY2d at 259; *DiGiaro v Agrawal*, 41 AD3d 764, 766 [2007]). The course of treatment rendered to the decedent by the defendant physician Henryk Cioczek ended by October 9, 2001, more than 2½ years before the plaintiff commenced this action. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.