Phillips v Buffalo Heart Group, LLP (2018 NY Slip Op 03055)





Phillips v Buffalo Heart Group, LLP


2018 NY Slip Op 03055


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, DEJOSEPH, AND WINSLOW, JJ.


1303 CA 17-00160

[*1]DAVID PHILLIPS, PLAINTIFF-APPELLANT,
v
BUFFALO HEART GROUP, LLP AND RICHARD JENNINGS, M.D., DEFENDANTS-RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (THERESA M. WALSH OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AMANDA ROSSI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 30, 2016. The order granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries caused by defendants' alleged negligence in, inter alia, prescribing the drug Pradaxa in combination with plaintiff's contemporaneous use of nonsteroidal anti-inflammatory drugs (NSAIDs), failing to monitor plaintiff for the development of gastric bleeding, and failing to recognize and treat plaintiff's development of a life-threatening gastric ulcer caused by the combination of Pradaxa and NSAIDs. Supreme Court granted defendants' motion pursuant to CPLR 3211 (a) (5) and dismissed the complaint on the ground that the action was time-barred by CPLR 214-a. We reverse.
On January 10, 2011, defendant Richard Jennings, M.D., plaintiff's cardiologist, prescribed Pradaxa as part of a treatment plan for plaintiff's atrial fibrillation and other cardiac issues. Defendants' treatment records establish that on that occasion, and at each and every subsequent office visit over a period of nearly two years, defendants confirmed and noted that plaintiff's medication regimen included the simultaneous use of Pradaxa and NSAIDs. On January 2, 2013, plaintiff presented to defendants for treatment that defendants described as "urgent cardiology followup" based upon plaintiff's complaints of, inter alia, shortness of breath. Defendants treated plaintiff, noted his ongoing use of Pradaxa and NSAIDs, but made no changes in his medication regimen. Specifically, defendants' entry in plaintiff's chart for the January 2, 2013 visit states: "He does use nonsteroidals routinely." Defendants scheduled a follow-up visit for plaintiff for April 3, 2013. On January 16, 2013, plaintiff underwent emergency hospitalization and was treated for severe blood loss due to an acute upper gastrointestinal tract bleed.
A medical malpractice claim generally accrues on the date of the alleged wrongful act, omission or failure and is governed by a 2½ year statute of limitations (see CPLR 214-a; Davis v City of New York, 38 NY2d 257, 259 [1975]). Plaintiff commenced this action on July 2, 2015. Defendants moved to dismiss the complaint on the ground that the action was time-barred because it accrued on January 10, 2011, the date of the initial prescription of Pradaxa, which was more than 2½ years prior to the commencement of the action (see CPLR 214-a). Plaintiff opposed the motion on the ground that the action accrued on the date of the January 2, 2013 office visit, which was within 2½ years of commencement, and as an alternative ground he asserted that the continuous treatment doctrine tolled the statute of limitations until January 2, 2013. The court granted the motion, determining that the continuous treatment doctrine did not [*2]apply, the medical malpractice cause of action accrued on the date of the first prescription for Pradaxa, and the commencement of the action more than 2½ years later was untimely.
Initially, we conclude that plaintiff's claims that defendants were negligent on January 2, 2013 in failing to monitor plaintiff's use of Pradaxa in combination with NSAIDs and in failing to diagnose and treat the alleged existence of gastric bleeding at that particular visit are not time-barred. It is well settled that a physician has a duty to monitor a patient's use of medications prescribed by the physician (see Cooper v Bronx Cross County Med. Group, 259 AD2d 410, 411 [1st Dept 1999]). Thus, the claims based on allegations of negligent treatment during the January 2, 2013 office visit have an independent viability regardless of whether any prior alleged negligence is time-barred.
We further agree with plaintiff that the record establishes that defendants provided continuous treatment to plaintiff for a condition, i.e., atrial fibrillation, until January 2, 2013; the alleged wrongful acts or omissions were related to that condition; and such treatment "gave rise to the . . . act, omission or failure" complained of (CPLR 214-a; see Nykorchuck v Henriques, 78 NY2d 255, 258-259 [1991]). Indeed, the record establishes that the alleged wrongful acts or omissions themselves ran continuously until January 2, 2013. We therefore reject defendants' contention that the statute of limitations began to run at the time of the first prescription of Pradaxa on January 10, 2011. We conclude that the court erred in granting the motion inasmuch as this action was timely commenced within 2½ years of the cessation of defendants' continuous treatment of plaintiff's atrial fibrillation condition (see CPLR 214-a; see generally Nykorchuck, 78 NY2d at 258-259). To the extent that the decision of this Court in Patten v Hamburg OB/GYN Group, P.C. (50 AD3d 1624 [4th Dept 2008]) conflicts with our decision herein, it should no
longer be followed.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court