Creque v New York City Health & Hosps. Corp. (2021 NY Slip Op 02358)





Creque v New York City Health & Hosps. Corp.


2021 NY Slip Op 02358


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 22957/16E Appeal No. 13414 Case No. 2020-02550 

[*1]Teresa Creque, Plaintiff-Appellant,
v
New York City Health And Hospitals Corporation, Defendant-Respondent.


Napoli Shkolnik, PLLC, Melville (Seth Kornfeld of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered October 2, 2019, which, insofar as appealed from, granted defendant's motion to dismiss the complaint to the extent of dismissing all causes of action alleged to have occurred on or before January 30, 2015, unanimously affirmed, without costs.
The record establishes that treatment of plaintiff's breasts prior to January 30, 2015, the period beyond the 1 1/2—year statute of limitations, consisted of isolated incidents of routine examination. There is no evidence that either plaintiff or defendant expected her to return for further treatment after any of her annual mammograms conducted prior to that date. Accordingly, the continuous treatment doctrine does not apply to the treatment of her breasts (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 268 [2002]; Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]). That defendant might have negligently failed to diagnose her cancer does not toll the statute, since the failure to establish a course of treatment is not, in and of itself, a course of treatment for the purposes of tolling the statute (Nykorchuck at 259). While the doctrine would apply if defendant had been treating plaintiff for underlying associated symptoms, albeit incorrectly, plaintiff failed to adduce evidence that defendant's doctors treated her for symptoms ultimately traceable to her cancer (compare Wilson v Southampton Urgent Med. Care, P.C., 112 AD3d 499 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021